# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

**PALMISANO, LLC**                                **CIVIL ACTION**

**VERSUS**                                        **NO: 19-12755**

**NORTH AMERICAN CAPACITY
INSURANCE COMPANY**                               **SECTION: "H"(1)**

## ORDER AND REASONS

Before the Court is Defendant's Appeal of the Magistrate's Ruling on Plaintiff's Motion to Compel (Doc. 43). For the following reasons, the Magistrate's Ruling is AFFIRMED.

## BACKGROUND

On February 4, 2020, Plaintiff Palmisano, LLC filed a Motion to Compel seeking the production of the complete case file of Engle Martin, a third-party investigator and adjuster for Defendant North American Capacity Insurance Company, for the work it performed in investigating the claim at issue here. Defendant objected to the production of portions of the file as protected by both attorney-client and work-product privileges. The Magistrate Judge rejected Defendant's claim that the files were protected by the work-product privilege

1

because she found that they were created in the ordinary course of processing Plaintiff's insurance claim. However, she held that some sections of the documents at issue contained confidential attorney-client communications. She ordered that the documents be produced with these portions redacted.

Thereafter, Defendant filed objections to the Magistrate's ruling, asking this Court to reverse the Magistrate Judge's decision and deny Plaintiff's request for production of these documents. The parties jointly requested expedited consideration of Defendant's objections prior to the 30(b)(6) deposition of North American set for March 18, 2020.

## LEGAL STANDARD

With the consent of the presiding district judge, a magistrate judge may adjudicate non-dispositive pre-trial motions.[1] A magistrate judge is afforded broad discretion in resolving non-dispositive pre-trial matters.[2] A party aggrieved by the magistrate judge's ruling may appeal to the district judge within fourteen days after service of the ruling.[3] The district judge may reverse only upon a finding that the ruling is "clearly erroneous or contrary to law."[4] In order to meet this high standard, the district judge must be "left with a definite and firm conviction that a mistake has been committed."[5]

---

[1] 28 U.S.C. § 636(b)(1)(A).
[2] McCallon v. BP Am. Prod. Co., Nos. 05–0597, C/W 05–0700, 2006 WL 3246886, at *2 (E.D. La. Nov. 8, 2006).
[3] FED. R. CIV. P. 72(a).
[4] 28 U.S.C. § 636(b)(1)(A); FED. R. CIV. P. 72(a).
[5] Yelton v. PHI, Inc., 284 F.R.D. 374, 376 (E.D. La. 2012) (internal quotation marks omitted).

## LAW AND ANALYSIS

Defendant presents two arguments in support of its position that the Magistrate Judge erred in granting in part Plaintiff's Motion to Compel. First, Defendant argues that the reports are privileged because they were created post-litigation at the direction and under the supervision of Defendant's counsel. Defendant argues that the redacted portions of the documents show that the entire reports were created as part of its defense in this matter. It argues that merely redacting portions of the documents is insufficient to protect the privileged nature of the documents where their purpose was to supply information to Defendant's counsel. Defendant does not, however, cite to any binding law or case supporting its position or showing that the Magistrate's decision was clearly erroneous or contrary to law. In reviewing the documents at issue, this Court agrees with the Magistrate Judge's assessment that they were created to facilitate the investigation of Plaintiff's claim in the ordinary course of business.

Defendant also argues that the documents are not relevant to the issue of bad faith. This argument also fails. Each of the non-binding cases that Defendant cites in support of its argument discuss admissibility—not discoverability. "Information within this scope of discovery need not be admissible in evidence to be discoverable."[6] Accordingly, this Court rejects Defendant's objections to the Magistrate Judge's ruling and affirms.

---

[6] FED. R. CIV. P. 26.

## CONCLUSION

For the foregoing reasons, the Magistrate Judge's ruling is AFFIRMED.

New Orleans, Louisiana this 24th day of March, 2020.

_____
**JANE TRICHE MILAZZO
UNITED STATES DISTRICT JUDGE**