UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**PALMISANO, LLC**                                                      **CIVIL ACTION**

**VERSUS**                                                                      **NO: 19-12755**

**NORTH AMERICAN CAPACITY**
**INSURANCE COMPANY**                                       **SECTION: "H"**

## ORDER AND REASONS

Before the Court are is Plaintiff's Motion in Limine to exclude certain trial testimony by Defendant North American (Doc. 175). For the following reasons, the Motion is **DENIED WITHOUT PREJUDICE**.

## BACKGROUND

Plaintiff Palmisano, LLC ("Palmisano") brings claims against Defendant North American Capacity Insurance Company ("North American") for breach of a builder's risk insurance policy issued in connection with the construction of the Kenner Discovery Health Science Academy. Palmisano's subcontractor Crescent Foundation, LLC ("Crescent") has intervened against North American as well.

In November 2018, Discovery Health and Science Academy ("Discovery Health") contracted with Palmisano for construction of the Kenner Discovery

1

Health Science Academy ("the Project"). Palmisano retained Crescent to drive composite shell/timber foundation piles for the Project. The top portions of the piles were 17-foot corrugated steel cans that had to be filled with concrete. Crescent was responsible for pumping any water, silt, or debris from the bottom of the can prior to filling the can with concrete. Southern Earth Sciences, the Project's geotechnical engineer and third-party inspector, was responsible for inspecting the inside of the cans prior to authorizing Crescent to pour the concrete. On December 11, 2018, Crescent poured concrete into the first approximately 200 piles ("Pour 1"). The second pour occurred on December 14, 2018 ("Pour 2"), and the third pour began on January 3, 2019 ("Pour 3"). Pours 1 through 3 resulted in 618 piles being filled. During Pour 3, however, water was seen in 37 of the cans prior to the concrete pour. It was later discovered that 618 piles from Pours 1 through 3 had water damage and had to be replaced at cost of more than $2,266,870 and 121 days of schedule impact.

Pursuant to its construction contract with Palmisano, Discovery Health purchased a builder's risk policy with North American that named Palmisano and Crescent as additional insureds ("the Policy"). Plaintiffs allege that the damage to the piles was a result of unprecedented ground water intrusion and should be covered by the Policy. To the contrary, North American argues that the water damage was a result of a construction or design defect and is therefore excluded from the Policy. In February 2019, Discovery Health submitted proof of loss to North American. North American hired Engle Martin as claims administrator, who in turn hired Rimkus Engineering ("Rimkus") to render an engineering opinion in connection with the loss. Rimkus found that

2

the water damage to the piles was caused by defective design or workmanship. On August 2, 2019, North American denied the claim in its entirety.

Plaintiff Palmisano and Intervenor Crescent bring claims for breach of contract and bad faith against North American. Plaintiff now moves to limit certain trial testimony of North American. Specifically, Plaintiff asks the Court to (1) exclude any trial testimony from North American contrary to its 30(b)(6) testimony regarding the basis for its denial of coverage, and (2) exclude any trial testimony or evidence from North American regarding the basis of its denial of coverage obtained after August 2, 2019, or in the alternative, after its corporate deposition on July 28, 2020.

## LAW AND ANALYSIS

On July 28, 2020, Palmisano took the corporate deposition of North American pursuant to Federal Rule of Civil Procedure 30(b)(6). Cheryl Moore, the claims handler for Palmisano's claim, testified as North American's corporate representative. Palmisano timely submitted the topics to be discussed and circulated all exhibits and documents that it intended to use in the deposition five days prior. At the deposition, North American testified that it "did not recall" the specific design defect or workmanship defect upon which it based its denial of coverage. It also testified that it had sufficient information to deny coverage when it did so on August 2, 2019.

Palmisano argues that North American should be limited to its 30(b)(6) testimony and should not be permitted to present new evidence to justify its coverage position. In so arguing, Palmisano cites to case law primarily considering whether evidence can be submitted at the summary judgment

3

stage to contradict statements made in a 30(b)(6) deposition.[1] Courts have held that a party may not create a material issue of fact at the summary judgment stage by submitting an affidavit or testimony that contradicts statements made in a 30(b)(6) deposition.[2] Here, however, Palmisano seeks to exclude evidence from trial, and therefore this Court finds the cases it cites distinguishable. Instead, the Court finds the analysis in *Johnson v. Big Lot Stores, Inc.* instructive.[3] There, the court stated that:

> Although the testimony of a corporate representative under Rule 30(b)(6) is binding on the corporation, such testimony does not constitute a "judicial admission" that decides an issue with finality or estops a party from contradicting the testimony of an earlier corporate representative. . . . Consistent with the view that Rule 30(b)(6) helps to make a corporate party more like an individual by requiring the designation of someone who can speak on the corporation's behalf, a corporation is subject to the same opportunity to revise its designee's earlier testimony as an individual. So just as an individual is bound by her earlier testimony, so too is a corporation. And just as an individual may seek to revise her earlier statements, so too may a corporate party through its designated witness. Such efforts, however, are properly subject to the critical scrutiny of the trier of fact, in this case the

---

[1] *See* Super Future Equities, Inc. v. Wells Fargo Bank Minnesota, N.A., No. CIV A 306-CV-0271-B, 2007 WL 4410370, at *8 (N.D. Tex. Dec. 14, 2007) (excluding an affidavit on summary judgment quantifying damages when the 30(b)(6) deponent previously testified that he could not quantify the damages); Rainey v. Am. Forest & Paper Ass'n, Inc., 26 F.Supp.2d 82, 92 (D.D.C. 1998) (excluding an affidavit on summary judgment presented to remedy the corporate representative's lack of knowledge at a 30(b)(6) deposition); Imperial Trading Co. v. Travelers Prop. Cas. Co. of Am., No. CIV.A. 06-4262, 2009 WL 2242380, at *9 (E.D. La. July 24, 2009) (excluding at summary judgment deposition testimony from an employee of the corporate party that contradicted earlier testimony of plaintiffs' Rule 30(b)(6) designee).

[2] *Imperial Trading Co.*, 2009 WL 2242380, at *9 ("[C]ourts in this Circuit will not, without explanation, allow a party to create an issue of material fact and survive summary judgment merely by submitting evidence that contradicts its earlier deposition testimony.").

[3] Johnson v. Big Lots Stores, Inc., No. 04-3201, 2008 WL 6928161, at *3 (E.D. La. May 2, 2008).

> Court, keeping in mind that a corporate party has an obligation to designate a knowledgeable witness under Rule 30(b)(6) and that the Rule 30(b)(6) designee's statements represent the corporation's position on discussed topics.[4]

The court went on, however, to caution against cases of "sandbagging" in which a corporate party claims ignorance of an issue at its 30(b)(6) deposition and then presents evidence at the eleventh hour addressing that issue.[5] Indeed, "Rule 30(b)(6) 'aims to prevent a corporate defendant from thwarting inquiries during discovery, then staging an ambush during a later phase of the case.'"[6] Accordingly, the Court is wary of the timing and motivation for contradictory evidence presented by North American. Palmisano has not, however, identified with any specificity what evidence it seeks to exclude. Instead, it broadly seeks to exclude *any* trial testimony or evidence contrary to North American's 30(b)(6) deposition. This Court cannot therefore properly consider the extent to which Palmisano is prejudiced by the admission of the allegedly contradictory evidence. Palmisano's Motion is therefore denied without prejudice to be re-urged at the appropriate time at trial so that the exclusion of testimony and evidence may be considered on a case-by-case basis.

## CONCLUSION

For the foregoing reasons, Palmisano's Motion is **DENIED WITHOUT PREJUDICE** to be re-urged at the appropriate time during trial.

---

[4] *Id.*

[5] *Id.*

[6] *Super Future Equities, Inc.*, 2007 WL 4410370, at *8 (quoting *Rainey*, 26 F.Supp.2d at 92).

New Orleans, Louisiana this 13th day of May, 2021.

_____
**JANE TRICHE MILAZZO
UNITED STATES DISTRICT JUDGE**